STATE OF MAINE
YORK, ss.

SUPERIOR COURT
LOCATION: ALFRED
CIVIL ACTION
DOCKET NO.: _____

| | | |
|---|---|---|
| STACEY DAY, GREGORY HOAR, AND MICHAEL CROCKETT | ) ) ) | |
| Plaintiffs | ) ) ) | COMPLAINT |
| v. | ) ) | |
| TOWN OF BUXTON, BUXTON POLICE DEPARTMENT AND BUXTON CHIEF OF POLICE MICHAEL S. GROVO, BUXTON POLICE OFFICER ANDREW WARD, BUXTON POLICE OFFICER KEVIN COLLINS, AND BUXTON POLICE OFFICER JASON JOINER, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants | | |

NOW COMES the Plaintiffs Stacey Day, Gregory Hoar and Michael Crockett by and through undersigned counsel Karen Wolfram of Fairfield & Associates, P.A., and complains against the above-named Defendants, their agents, employees, servants and successors in office, and in support thereof alleges the following upon information and belief:

## INTRODUCTION

1.     This is a tort action and a civil rights action brought pursuant to the Maine Civil Rights Act 5 M.R.S.A. §4682, the Maine Constitution Article 1 §§ 1, 5, 6, and 6-A as well as the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the Defendants because of the State and Federal

Constitutional violations under 5 M.R.S.A. §4682 and 42 U.S.C. § 1983 and the violations and

torts alleged herein took place in this jurisdiction and/or the Defendants reside in the jurisdiction

and/or have a principal place of business therein.

3.      Venue is properly laid in the York County Superior Court pursuant to 14

M.R.S.A. §§501 and 505.

4.      Plaintiff Stacey Day (hereinafter "Day") properly and timely served a Notice of Claim

pursuant to 14 MRSA §8107 upon Defendant, Town of Buxton and Defendant Buxton Police

Department on November 3, 2014.

5.      Plaintiff Michael Hoar (hereinafter "Hoar") properly and timely served an Amended

Notice of Claim pursuant to 14 MRSA §8107 upon Defendant, Town of Buxton  and Defendant

Buxton Police Department on November 3, 2014.

6.      Plaintiff Michael Crockett (hereinafter "Crockett") properly and timely served an

Amended Notice of Claim pursuant to 14 MRSA §8107 upon Defendant, Town of Buxton and

Defendant Buxton Police Department on November 3, 2014.

7.      All parties are properly joined pursuant to Rule 20 of the Maine  Rules of Civil

Procedure.

## THE PARTIES

8.      Plaintiff, Stacey Day is a natural person who at all times material hereto resided in

Buxton, County of York, State of Maine and currently resides in Bryant Pond, Maine.

9.      Plaintiff Gregory Hoar is a natural person who resides in Biddeford, County of York, State of Maine.

10.     Plaintiff Michael Crockett is a natural person who resides in Buxton, County of York, State of Maine.

11.     Defendant, Chief Michael S. Grovo (hereinafter "Chief Grovo") is and/or was at all times material hereto employed by the Town of Buxton as the Chief of Police for the Buxton Police Department located in Buxton, County of York, State of Maine. He had supervisory and direct interaction with the unreasonable investigation, the obtaining and execution of unlawful, invalid and/or defective arrest warrants, the unlawful arrest of Plaintiffs, and the unlawful criminal proceedings instituted against Plaintiffs, and had the duty to insure that all Buxton police officers were qualified to serve as police officers and to properly train, supervise, and discipline Buxton police officers and/or to insure that Buxton police officers were properly trained, supervised and disciplined. At all times material hereto, Defendant acted under color of statutes, laws, ordinances, customs, and usage of Maine and the Town of Buxton and/or Buxton Police Department. He is sued in his individual, supervisory and official capacities.

12.     Defendant, Andrew Ward (hereinafter "Ward") is and/or was at all times material hereto a Buxton police officer employed by the Town of Buxton through the Buxton Police Department, located in Buxton, County of York, State of Maine. At all times material hereto, Defendant was acting under color of statutes, laws, ordinances, customs and usage of Maine and the Town of Buxton and/or Buxton Police Department and within the course and scope of his employment. He is sued in his individual capacity.

13.     Defendant, Kevin Collins (hereinafter "Collins") is and/or was at all times material hereto a Buxton police officer employed by the Town of Buxton through the Buxton Police

3

Department, located in Buxton, County of York, State of Maine. At all times material hereto, Defendant was acting under color of statutes, laws, ordinances, customs and usage of Maine and Town of Buxton and/or Buxton Police Department and within the course and scope of his employment. He is sued in his individual capacity.

14.     Defendant Jason Joiner (hereinafter "Joiner") is and/or was at all times material hereto, a Buxton police officer employed by the Town of Buxton through the Buxton Police Department, located in Buxton, County of York, State of Maine. At all times material hereto, Defendant was acting under color of statutes, laws, ordinances, customs and usage of Maine and the Town of Buxton and/or Buxton Police Department and within the course and scope of his employment. He is sued in his individual capacity.

15.     Defendant, Town of Buxton is a municipal corporation located in the County of York, State of Maine and is responsible for directing and supervising the Buxton Police Department.

16.     Defendant, Buxton Police Department (hereinafter "BPD") is a municipal service department of the Town of Buxton located in County of York, State of Maine that is under the direction and supervision of the Town of Buxton.  Defendant Buxton Police Department was responsible for training, supervision, and discipline of subordinate officers, and/or responsible for insuring training, supervision, and discipline of subordinate officers including the named Defendants herein, Chief Grovo, Ward, Collins and Joiner.

17.     Upon information and belief, Defendant Town of Buxton and Defendant Buxton Police Department (hereinafter collectively "Municipal Defendants")  are insured for the claims asserted in this matter as are Defendants Chief Grovo, Ward, Collins and Joiner (hereinafter collectively "Police Officer Defendants").

## STATEMENT OF FACTS

18.     On or about the evening of April 11, 2014, 60 plus year old Deborah Nielson was the victim (hereinafter "victim"), of a robbery and assault in her home in the town of Buxton, County of York, State of Maine.

19.     The crimes were reported to Defendant BPD that same night and Defendant BPD was responsible for the police investigation in which the victim reported that three persons robbed and assaulted her whom she believed to be two males and one female (hereinafter "the crimes"). The victim was also alleged to have been struck in the head by an object during the crimes.

20.     The Defendant BPD investigated the crimes including, its agents, employees, and/or servants, Police Officer Defendants Chief Grovo, Ward, Collins and Joiner.

21.     Police Officer Defendants Chief Grovo, Ward and Collins responded to the initial report.

22.     A K-9 was used in the police investigation the night of the crime, including by and/or with Defendant Collins, and the K-9 allegedly tracked from the scene of the crime to the property of 60 Thompson Road, Buxton, Maine which includes a main house in which Nathaniel Bean and his mother reside as well as, a camper in which Plaintiff Day and her minor daughter resided.

23.     At the time the K-9 tracked to the property of 60 Thompson Road, Buxton, Maine, Defendant Collins knocked on the door of Plaintiff's Day's residence and questioned her as to her whereabouts that evening as well as, questioned two other adult persons who were also in her home. Plaintiff Day provided exculpatory alibi evidence including that she was home all night with her daughter.

24.     The next day, on or about April 12, 2014, Defendant Ward authored an Affidavit and Request for Search Warrant for the property of 60 Thompson Road, Buxton, Maine including " . . . all outlying building and camper trailers of Nathaniel Bean and Wendy Malm . . .".

25.     Police Officer Defendants filed and/or caused to be filed the Affidavit and Request for Search Warrant, which was issued by a Court of the State of Maine that same day.

26.     On April 12, 2014, Police Officer Defendants, including Chief Grovo, Ward and Collins executed the search warrant including as to the camper on the property which was the residence of Plaintiff Day, not the property owners of 60 Thompson Road, Buxton, Maine, when Plaintiff Day was not home and without her permission. Nothing be sought in the search and/or allegedly of or relating to the crimes was found.

27.     At the time the warrant was executed, Police Officer Defendants spoke to persons on the 60 Thompson Road, Buxton, Maine property who could provide additional exculpatory and/or verifying information as to Plaintiff Day's alibi evidence and witnesses.

28.     Police Officer Defendants did not conduct any or any reasonable investigation as to Plaintiff Day or Plaintiffs Hoar and Crockett with regards to the crimes prior to filing or causing to be filed on May 15, 2014, without probable cause in a court of the State of Maine, in the county York, three two count criminal Complaints signed by Defendant Ward against Plaintiffs, Day, Hoar, and Crockett alleging that each of the Plaintiffs violated 17-A MRSA §651(1)(E) robbery a class A crime and 17-A MRSA §208(1)(B) aggravated assault a class B crime as to the victim, Deborah Neilson. Copies of the three criminal Complaints, York County Court Docket Numbers CR-14-1006, CR-14-1005, and CR-14-1004 attached hereto and fully incorporated herein by reference as **Exhibit A.**

6

29.     The Complaints were signed by a Judge and/or Justice of the courts of the State of Maine and bail was set at $20,000 cash bail for each Plaintiff.

30.     On that same day, May 15, 2014, Police Officer Defendants also filed and/or caused to be filed in a court of the State of Maine in the county York, three Affidavits in Support of an Arrest Warrant for Plaintiff's Day, Hoar and Crockett authored by Defendant Ward. Each Affidavit stated the same basis as to each Plaintiff for asserted probable cause to arrest. Copies of Affidavits in Support of an Arrest Warrant attached hereto and fully incorporated herein as **Exhibit B**.

31.     The arrest warrants for Plaintiffs were issued by the court that same day.

32.     Unknown to the Court, the Affidavits in Support of an Arrest Warrant (hereinafter "Affidavits") authored by Defendant Ward as to each of the Plaintiffs included misleading statements made wantonly, or with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, and/ or with intentional or reckless disregard for the truth in omission of material facts.

33.     Any conceivable probable cause for arrest is vitiated if the materially false information is excluded and/or the omitted material facts included.

34.     Defendants' basis for probable cause asserted in the May 15, 2014 Affidavits relied extensively if not exclusively, on a claimed tip about the crime made to Defendant Collins on May 14, 2014, from Shaun Webster (hereinafter "Webster") when he was arrested in a different criminal matter in which Plaintiff Day was a witness and her friend a victim.

35.     Police Officer Defendants interviewed Webster that same day prior to the arrest warrants for Plaintiffs being sought and knew or should have known Webster was not credible, unreliable, mentally unstable and had motive to lie when he claimed Plaintiffs committed the crimes.

36.     Police Officer Defendants omitted certain material information in the Affidavits obtained during the interview as well as, other material information that was known or should have been known to Defendants that evidenced Webster's lack of credibility.

37.     On or about May 13, 2014, Defendant BPD including Defendant Joiner investigated Webster for the crime of criminal threatening while on the property of 60 Thompson Road, Buxton, Maine in which Plaintiff Day was a witness and her friend the victim. Defendant Grovo was involved in this investigation as was Defendant Collins who arrested Webster for the offense on May 14, 2014. It was upon this arrest that Webster provided the claimed tip about the crime. This material information was wantonly, or intentionally or in reckless disregard for truth or falsity omitted from the Affidavits as to all three Plaintiffs.

38.     Less than two months earlier, Defendant BPD including Defendant, Collins also investigated Webster for the crime of criminal threatening in which Plaintiff Day was one of the victims. Webster was arrested for this offense as well.  This material information was also wantonly, or intentionally or in reckless disregard for truth or falsity omitted from the Affidavits as to all three Plaintiffs.

39.     The Affidavits as to all three Plaintiffs included the misleading statement made wantonly, or with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, that "Webster is a personal friend of Day, Crockett, and Hoar."

40.     Webster had additional criminal history/police contact as well as, mental health issues which Defendant BPD and the Police Officer Defendants knew or should have known and this

material information was also wantonly, or intentionally or in reckless disregard for truth or falsity omitted from the Affidavits as to all three Plaintiffs.

41.     The Affidavits as to all three Plaintiffs included the misleading statements made wantonly, with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, that "Webster's tip is credible . . ." and that "Webster was not telling the information for any personal gain . . .".

42.     The Affidavits as to all three Plaintiffs included the misleading statement made wantonly, or with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, and/or wantonly, or intentionally or in reckless disregard for truth or falsity omitted material facts, that, "Nielson described the male as having a very distinct deep voice."

43.     Prior to the filing of the Affidavits, Defendant BPD including Defendant Ward, knew or should have known that the victim repeatedly and very particularly described one of her male attackers as having a unique voice which amounted to far more than it being deep. The description was along the lines of a speech impediment. This material information was wantonly, or intentionally or in reckless disregard for the truth or falsity omitted from the Affidavits as to all three Plaintiffs.

44.     The victim had advised Defendants BPD and Police Officer Defendants that she would recognize the voice if heard again yet, Defendants prior to the arrest of Plaintiffs and instituting criminal proceedings against them, never questioned Plaintiffs Hoar and Crockett to at least hear their voice nor had the victim listened to their voices.  Defendants having already questioned Plaintiff Day knew or should have known she did not have a voice like described by the victim.

45.     The Affidavits as to all three Plaintiffs included the misleading statement made wantonly, or with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, that "A certified tracking K-9 from the Cumberland County Sheriff's department tracked straight from the crime scene to the yard of 60 Old Thompson Road and to a camper trailer on site of 60 Old Thompson Rd., where Stacey Day was located."

46.     Police Officer Defendants knew or should have known that the K-9 did not track straight to the yard of 60 Old Thompson Road and to a camper on site where Stacey Day was located.

47.     Police Officer Defendants knew or should have known under the facts and circumstances that they did not have probable cause and/or reasonably trustworthy information to warrant an ordinarily prudent and cautious police officer to believe the Plaintiffs committed the crimes yet Police Officer Defendants sought warrants for their arrest and instituted criminal proceedings against Plaintiffs for the crimes.

48.     Prior to the Plaintiffs  arrest, Police Officer Defendants failed to conduct any or any reasonable investigation to independently verify the information provided by Webster.

49.     Defendants and/or their agents, employees and/or servants caused the unlawful arrest of Plaintiff Day on or about May 15, 2014, pursuant to the arrest warrant for the crimes of robbery and aggravated assault.

50.     Prior to the Plaintiff Day's arrest, Defendant BPD and Police Officer Defendants failed to conduct any or any reasonable investigation into Plaintiff Day's known alibi evidence and alibi witnesses.

51.     Defendant BPD including Police Officer Defendant Joiner arrested Plaintiff Day at night with use of excessive force pursuant to the arrest warrant issued without probable cause while

she was eating dinner with her minor daughter in their residence of the camper located on the 60 Thompson Road, Buxton, ME.

52.     Plaintiff Day was arrested with use of excessive physical force or violence. She was held at gunpoint and with Tasers in front of her minor child, grabbed, pushed, thrown against the camper, verbally assaulted, handcuffed and a gun was pointed at her minor child's head.

53.     Plaintiff Day was not free to go at anytime and was removed by physical force or violence from her home and her minor child by Defendants BPD including Defendant Joiner leaving Plaintiff Day's distraught minor daughter alone on the property despite Plaintiff Day's repeated pleas to allow her to find someone to care for her child.

54.     Plaintiff Day at no time was a threat and did not resist or attempt to evade her wrongful arrest.

55.     Plaintiff Day was taken from her home to the Buxton Police Department where she was questioned and she again provided exculpatory verifiable alibi evidence and alibi witnesses as well as, exculpatory alibi evidence as to Plaintiff Hoar including to Police Officer Defendants Joiner and Ward. She was then transported to York County Jail and incarcerated.

56.     Plaintiff Day's bail was set at $20,000.

57.     Plaintiff Day was unlawfully confined in jail and incarcerated for at or near six days without probable cause for crimes she did not commit.

58.     Defendant BPD including Police Officers Defendant Joiner continued to receive alibi evidence as to Plaintiff Day after her arrest which was known or should have been known by Defendants yet, she continued to be incarcerated and/or criminally prosecuted.

59.     Plaintiff Day when released from jail was subject to bail conditions and still subject to the criminal proceedings instituted against her.

11

60.    Defendants and/or their agents, employees and/or servants caused the unlawful arrest of Plaintiff Hoar on or about May 15, 2014, pursuant to the arrest warrant for the crimes of robbery and aggravated assault.

61.    Prior to the Plaintiff Hoar's arrest, Defendant BPD and Police Officer Defendants failed to conduct any or any reasonable investigation including through interviewing Plaintiff Hoar and/or by obtaining his exculpatory verifiable alibi evidence and alibi witness information as to his whereabouts at the time of the crimes.

62.    Defendants caused Plaintiff Hoar to be wrongfully arrested at night through the use of physical force or violence and or threats thereof, when multiple officers entered Plaintiff Hoar's home while he was caring for his minor son, handcuffed him and by physical force or violence and/or threat of physical force or violence removed him from his residence and his minor son.

63.    Plaintiff Hoar was handcuffed and not free to leave at anytime when he was taken from his home to the Buxton Police Department where he was questioned and he provided exculpatory verifiable alibi evidence and alibi witnesses including to Police Officer Defendants Joiner and Chief Grovo. He was then transported to York County Jail and incarcerated.

64.    Plaintiff Hoar was unlawfully confined in jail and incarcerated for at or near six days without probable cause for crimes he did not commit.

65.    Police Officers Defendants failed to conduct any or any reasonable investigation to independently verify the exculpatory alibi evidence provided by or for Plaintiff Hoar and he continued to be incarcerated and/or criminally prosecuted.

66.    Plaintiff Hoar when released from jail was subject to bail conditions and still subject to the criminal proceedings instituted against him.

67.    Prior to Plaintiff Crockett's arrest, exculpatory verifiable alibi evidence and alibi witness information as to Plaintiff Crockett's whereabouts at the time of the crimes were provided to Defendant BPD including to Defendant Chief Grovo.

68.    Prior to Plaintiff Crockett's arrest, Defendant BPD and Police Officer Defendants received exculpatory alibi evidence and alibi witness information as to Plaintiff Crockett's whereabouts the night of the crimes which was known or should have been known by Defendants and Police Officer Defendants failed to conduct any or any reasonable investigation to verify Plaintiff Crockett's alibi evidence.

69.    Defendants and/or their agents, employees and/or servants caused the unlawful arrest of Plaintiff Crockett on or about May 18, 2014, pursuant to the arrest warrant for the crimes of robbery and aggravated assault.

70.    Defendants caused Plaintiff Crockett to be arrested through the use of physical force or violence and or threats thereof, when multiple armed on duty officers arrested, handcuffed and then transported him to York County Jail where he was incarcerated.

71.    Plaintiff Crockett was handcuffed and not free to leave at anytime when he was arrested and transported to York County Jail.

72.    Plaintiff Crockett was unlawfully confined in jail and incarcerated for multiple  days without probable cause for crimes he did not commit.

73.    Police Officer Defendants failed to conduct any or any reasonable investigation to independently verify the alibi evidence and alibi witness information provided by or for Plaintiff Crockett and he continued to be incarcerated and/or criminally prosecuted.

74.    Plaintiff Crockett when released from jail was subject to bail conditions and still subject to the criminal proceedings instituted against him.

75.     After Plaintiffs were wrongfully arrested, exculpatory verifiable alibi evidence and alibi witness information as to all three Plaintiffs, including alibi evidence already known and/or that should have been known to Defendants, continued to be provided to the Defendant BPD but the Defendants failed to conduct any or any reasonable investigation.

76.     After the Plaintiffs' wrongful arrest, incarceration and the wrongful initiation of criminal proceedings against them, alibi evidence and alibi witness information including evidence and witnesses already known and/or that should have been known to Defendants and reasonably investigated by Police Officer Defendants prior to Plaintiffs Day, Hoar and Crockett's arrest; as well as, evidence as to the lack of credibility of Webster which was also known and/or should have been known to Defendants prior to Plaintiffs arrest; were provided to the York County District Attorneys Office.

77.     On or about May 30, 2015, the criminal proceedings were dismissed against Plaintiff Crockett due to insufficient evidence. Copies of Dismissal attached and incorporated herein as part of **Exhibit C.**

78.     On or about June 2, 2014, the criminal proceedings were dismissed against Plaintiffs Day and Hoar due to insufficient evidence. Copies of Dismissal attached and incorporated herein as part of **Exhibit C.**

79.     Defendant BPD and its agents, employees and/or servants including the Police Officer Defendants, knew and/or should of known there was not probable cause to arrest, incarcerate and institute criminal proceedings against Plaintiffs and/or to continue the same and conspired to do so and/or conspired not to conduct any or any reasonable investigation into the crimes and/or the exculpatory alibi evidence and alibi witness information received and/or otherwise conspired

causing the unlawful arrest, incarceration and institution of criminal proceedings against Plaintiffs and/or the continuation of the same.

80.     Due to the wrongful actions of Defendants in arresting, incarcerating and criminally prosecuting Plaintiffs for the very serious crimes committed against the 60 plus year old victim, Plaintiffs names and photographs were widely published in the media including but not limited to in newspapers, on the internet and on the television.

81.     Municipal Defendants' agents, employees and/or servants including Defendant Chief Grovo, made false and defamatory statements concerning Plaintiffs to the public and/or third parties to the effect that Plaintiffs' committed the serious criminal conduct of robbery and assault against the victim and/or that there was probable cause to believe the Plaintiffs committed this serious criminal conduct, and/or that Plaintiffs did not timely provide exculpatory evidence and/or Municipal Defendants agents, employees and/or servants including Chief Grovo made defamatory statements that implied the existence of defamatory facts falsely implicating Plaintiffs in the serious criminal conduct. The statements included but are not limited to:

". . . department's (Buxton Police Department) investigation is far from over."
"We need to follow up his (Plaintiff Crockett) alibis, which we haven't had the opportunity to do yet and you have my word we're going to do that. We want to make sure we have all of the possible evidence that's out there to present.";
"We charged him with the evidence we had at hand - with what we had been given for evidence - and we followed up on everything that we had been given and some of the evidence isn't there.";
"The Chief acknowledges there is still at least one home invasion suspect on the loose.";
"There was credible information that we had received and there was an immediate public threat and it seemed to be legitimate."
"Grovo says his Department is still looking into suspects. . . .The information's there. We've got some of it. It's like a puzzle. We need to get the rest of it and I feel confident we're going to.";
"It just eats me up because we arrested three people that now we're getting evidence that leads away from them, . . .";
". . . . the three suspects (Plaintiffs) all exercised their Miranda rights and refused to answer questions, so there was no way for police to check their alibis."

15

82.    As a result of the unlawful actions of Defendants, Plaintiffs' reputations have been severely damaged.

83.    As a result of the unlawful arrest, incarceration, and institution of criminal proceedings against Plaintiffs as well as, the Defendants' failure to conduct any or any reasonable investigation into the crimes committed against the victim and/or the Plaintiffs' alibi evidence, Plaintiffs were subjected to child protective services investigations and/or actions as to their minor children and/or the continuation of child protective service investigations and/or actions.

84.    Due to the wrongful actions of Defendants, Plaintiffs Hoar and Day became homeless, and Plaintiffs Day and Crockett lost their employment and suffered and continue to suffer loss of employment opportunities. All Plaintiffs suffered and continue to suffer economic losses.

85.    Due to the wrongful actions of Defendants, Plaintiffs all suffered and continue to suffer severe mental and emotional injuries and distress that required and/or requires medical treatment.

86.    Plaintiff Crockett and his family were threatened including with gun due to his unlawful arrest and the false allegations that he committed the crimes. BPD was responsible for investigating the threat involving the gun but failed to conduct any or any reasonable investigation.

## COUNT I. VIOLATION OF 5 M.R.S.A. § 4682 False Arrest/ Excessive Force
### (Police Officer Defendants)

87.   By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 86 as though fully set forth herein.

88.   Police Officer Defendants intentionally interfered or attempted to intentionally interfere by use of physical force or violence and/or threats thereof, with Plaintiffs' rights secured by the United States Constitution and/or the law of the United States and/or the rights secured by the laws and Constitution of the State of Maine, by  unlawfully arresting and/or unlawfully causing

16

the arrest of Plaintiffs Day and Hoar on May 15, 2014, and Plaintiff Crockett on or about May 18, 2014 without probable cause. Plaintiffs were at no time free to leave and they were restrained and/or confined against their will.

89. Police Officer Defendants obtained a warrant for each of the Plaintiffs' arrest, pursuant to Affidavits in Support of an Arrest Warrant, which included misleading statements made wantonly, or with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, and/ or with intentional or reckless disregard for the truth in omission of material facts.  Any conceivable probable cause for arrest is vitiated if the materially false information is excluded and/or the omitted material facts included making the warrants invalid, unlawful and/or defective.

90. Police Officer Defendants did not have any reasonable or probable cause for believing that Plaintiffs had committed the crimes.

91.  As a proximate and direct result of Police Officer Defendants wrongful acts, Plaintiffs were subjected to unlawful arrest, search and seizure and unlawful confinement through Plaintiffs' arrest and incarceration. Plaintiff Day was also subjected to excessive use of force before and during her unlawful arrest.

92. Police Officer Defendants, at all times material herein, acted under color of the law.

93. Police Officer Defendants' actions constituted a false arrest and unlawful search and seizure of Plaintiffs, and excessive use of force as to Plaintiff Day, in violation of clearly established rights guaranteed to the Plaintiffs by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth and Fourteenth Amendments to the United States Constitution.

94. Police Officer Defendants individually and/or jointly deprived and/or continued to

deprive Plaintiffs, either directly or indirectly, of their clearly established rights guaranteed to the Plaintiff by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth and Fourteenth Amendments to the United States Constitution and/or conspired for the purpose of doing so.

95. As a proximate and direct result of Plaintiffs' false arrest as well as, the use of excessive force as to Plaintiff Day in violation of Plaintiffs' Constitutional rights as aforesaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

96.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

## COUNT II. VIOLATION OF 5 M.R.S.A. § 4682 False Arrest/ Excessive Force (Municipal Defendants and Defendant Chief Grovo)

97.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 96 as though fully set forth herein.

98.    Defendants Town of Buxton through the Defendant BPD are the employer of Police Officers Defendants and Municipal Defendants and/or Defendant Chief Grovo set the policies and procedures for training, supervising and/or disciplining of Buxton police officers.

99. Police Officer Defendants were inadequately trained, supervised, and/ or disciplined as to conducting police investigations, making arrests, use of force, in making probable cause determinations, and/ or in drafting and obtaining arrest warrants.

100.    Police Officer Defendants' inadequate training, supervision, and/ or discipline at to conducting police investigations, making arrests, use of force, in making probable cause determinations, and/ or in drafting and obtaining arrest warrants directly and foreseeably

resulted in the false arrest and unlawful search and seizure of Plaintiffs and the use of excessive

against Plaintiff Day, in violation of clearly established rights guaranteed to the Plaintiffs by

Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth and Fourteenth

Amendments to the United States Constitution.

101.   As a proximate and direct result of violation of Plaintiffs' Constitutional rights, as

foresaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

102.   Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries

and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities,

loss of enjoyment of life, and loss of companionship of children, and seek compensatory

damages, punitive damages, attorney fees and costs and all other relief available under the law.

## COUNT III. VIOLATION OF 5 M.R.S.A. § 4682 False Arrest/ Excessive Force
## (Municipal Defendants)

103.   By reference, Plaintiffs incorporate each and every allegation and averment contained in

Paragraphs 1 through 102 as though fully set forth herein.

104.   Defendants Town of Buxton and/or BPD are the final policy makers for BPD in the

substantive area of conducting police investigations, making arrests, use of force, in making

probable cause determinations, and/ or in drafting and obtaining arrest warrants.

105.   The policies, pattern of conduct, customs, practices and/ or procedures of the BPD, i.e. as

to conducting police investigations, making arrests, use of force, in making probable cause

determinations, and/ or in drafting and obtaining arrest warrants, directly resulted in the false

arrest and unlawful search and seizure of Plaintiffs and the use of excessive force against

Plaintiff Day, in violation of clearly established rights guaranteed to Plaintiffs by Article 1,

Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth and Fourteenth

Amendments to the United States Constitution.

19

106.    As a proximate and direct result of violation of Plaintiffs' Constitutional rights, as foresaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

107.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

### COUNT IV. VIOLATION OF 42 U.S.C. § 1983 False Arrest/Excessive Force
### (Police Officers Defendants)

108.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 107 as though fully set forth herein.

109.    Police Officer Defendants unlawfully arrested and/or caused the unlawful arrest of Plaintiffs Day and Hoar on May 15, 2014, and Plaintiff Crockett on or about May 18, 2014 without probable cause and at no time were Plaintiffs free to leave and they were restrained and/or confined against their will.

110.    Defendants obtained a warrant for each of the Plaintiffs' arrest, pursuant to Affidavits in Support of an Arrest Warrant, which included misleading statements made wantonly, or with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, and/ or with intentional or reckless disregard for the truth in omission of material facts. Any conceivable probable cause for arrest is vitiated if the materially false information was excluded and/or the omitted material facts included making the warrants invalid, unlawful and/or defective.

111.    Defendants did not have any reasonable or probable cause for believing that Plaintiffs had committed the crimes.

112.    As a proximate and direct result of Police Officer Defendants' wrongful acts, Plaintiffs were subjected to unlawful arrest, search and seizure and unlawful confinement through Plaintiffs' arrest and incarceration. Plaintiff Day was also subjected excessive use of force before and during her unlawful arrest.

113.    Police Officer Defendants, at all times material hereto, acted under color of the law.

114.    Police Officer Defendants' actions constituted a false arrest and unlawful search and seizure of Plaintiffs, and excessive use of force as to Plaintiff Day in violation of clearly established rights guaranteed to the Plaintiff by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth and Fourteenth Amendments to the United States Constitution.

115.    Police Officer Defendants individually and/or jointly deprived and/or continued to deprive Plaintiffs, either directly or indirectly, of their clearly established rights guaranteed to the Plaintiff by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth and Fourteenth Amendments to the United States Constitution and/or conspired for the purpose of doing so.

116.    As a proximate and direct result of Plaintiffs' false arrest as well as, the use of excessive force as to Plaintiff Day  in violation of Plaintiffs' Constitutional rights Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

117.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

**COUNT V. VIOLATION OF 42 U.S.C. § 1983 False Arrest/Excessive Force**
**(Municipal Defendants and Defendant Chief Grovo)**

118.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 117 as though fully set forth herein.

119.    Defendants Town of Buxton through Defendant BPD are the employer of Police Officers Defendants and Municipal Defendants and/or Defendant Chief Grovo set the policies and procedures for training, supervising and/or disciplining of Buxton police officers.

120.    Police Officer Defendants were inadequately trained, supervised, and/ or disciplined as to conducting police investigations, making arrests, use of force, in making probable cause determinations, and/ or in drafting and obtaining arrest warrants.

121.    Police Officer Defendants' inadequate training, supervision, and/ or discipline as to conducting police investigations, making arrests, use of force, in making probable cause determinations, and/ or in drafting and obtaining arrest warrants directly and foreseeably resulted in the false arrest, and unlawful search and seizure of Plaintiffs and the use of excessive force against Plaintiff Day, in violation of clearly established rights guaranteed to the Plaintiffs by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth and Fourteenth Amendments to the United States Constitution.

122.    As a proximate and direct result of violation of Plaintiffs' Constitutional rights, as foresaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

123.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

**COUNT VI. VIOLATION OF 42 U.S.C. § 1983 False Arrest/Excessive Force**
**(Municipal Defendants)**

124.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 123 as though fully set forth herein.

125.    Defendants Town of Buxton and/or BPD are the final policy makers for BPD in the substantive area of conducting police investigations, making arrests, use of force, in making probable cause determinations, and/ or in drafting and obtaining arrest warrants.

126.    The policies, pattern of conduct, customs, practices and/ or procedures of the BPD, i.e. as to conducting police investigations, making arrests, use of force, in making probable cause determinations, and/ or in drafting and obtaining arrest warrants, directly resulted in the false arrest and unlawful search and seizure of Plaintiffs and the use of excessive force against Plaintiff Day, in violation of clearly established rights guaranteed to Plaintiffs by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth and Fourteenth Amendments to the United States Constitution.

127.    As a proximate and direct result of violation of Plaintiffs' Constitutional rights, as foresaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

128.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

### COUNT VII. VIOLATION OF 42 U.S.C. § 1983 Malicious Prosecution
### (Police Officers Defendants)

129.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 128 as though fully set forth herein.

130.    Police Officers Defendants wrongfully instituted and/or caused to be instituted with malice criminal proceedings and/or the continued institution of criminal proceedings against

Plaintiffs by arresting and/or causing the arrest of Plaintiffs Day and Hoar on May 15, 2014, and Plaintiff Crockett on or about May 18, 2014 without probable cause and by filing and/or causing to be filed without probable cause criminal Complaints against each of the Plaintiffs alleging violations of 17-A MRSA §651(1)(E) robbery a class A crime and 17-A MRSA §208(1)(B) aggravated assault a class B crime under York County Court Docket Numbers CR-14-1006, CR-1-1005, and CR-14-1004.

131.   The criminal proceedings terminated in the Plaintiffs favor when the criminal Complaints were dismissed against all three Plaintiffs for insufficient evidence.

132.   Defendants failed to conduct any or any reasonable police investigation into the crimes, caused to be filed criminal Complaints against each of the Plaintiffs without probable cause and obtained a warrant for each of the Plaintiffs' arrest pursuant to Affidavits in Support of an Arrest Warrant, which included misleading statements made wantonly, or with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, and/ or with intentional or reckless disregard for the truth in omission of material facts.  Any conceivable probable cause for arrest would have been vitiated if the materially false information was excluded and/or the omitted material facts included making the warrants invalid, unlawful and/or defective.

133.   As a proximate and direct result of Police Officer Defendants' wrongful acts, Plaintiffs were subjected to unlawful criminal proceedings, unlawful arrest, unlawful confinement, seizure of their person, deprivation of their liberty and/or subjected to the continued unlawful criminal proceedings, unlawful arrest, unlawful confinement, seizure of their person and deprivation of their liberty without probable cause. Plaintiff Day was also subjected excessive use of force before and during her unlawful arrest.

134.    Police Officer Defendants, at all times material hereto, acted under color of the law.

135.    Police Officer Defendants' actions constituted malicious prosecution in violation of clearly established rights guaranteed to the Plaintiffs by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

136.    Police Officer Defendants individually and/or jointly deprived and/or continued to deprive Plaintiffs either directly or indirectly, of their clearly established rights guaranteed to the Plaintiff by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and/or conspired for the purpose of doing so.

137.    As a proximate and direct result of the malicious prosecution in violation of Plaintiffs' Constitutional rights as foresaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

138.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

### COUNT VIII. VIOLATION OF 42 U.S.C. § 1983 Malicious Prosecution
### (Municipal Defendants and Defendant Chief Grovo)

139.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 138 as though fully set forth herein.

140.    Defendants Town of Buxton through Defendant BPD are the employer of Police Officers Defendants and Municipal Defendants and/or Defendant Chief Grovo set the policies and procedures for training, supervising and/or disciplining of Buxton police officers.

25

141.    Police Officers Defendants were inadequately trained, supervised, and/ or disciplined as to conducting reasonable police investigations, making arrests, in making probable cause determinations, drafting and obtaining arrest warrants and criminal complaints, and in instituting criminal proceedings.

142.    Police Officer Defendants' inadequate training, supervision, and/ or discipline as to conducting reasonable police investigations, making arrests, in making probable cause determinations, drafting and obtaining arrest warrants and criminal complaints, and in instituting criminal proceedings directly and foreseeably resulted in the malicious prosecution and/or continued malicious prosecution of Plaintiffs in violation of clearly established rights guaranteed to the Plaintiffs by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

143.    As a proximate and direct result of violation of Plaintiffs' Constitutional rights, as foresaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

144.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

## COUNT IX. VIOLATION OF 42 U.S.C. § 1983 Malicious Prosecution
## (Municipal Defendants)

145.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 144 as though fully set forth herein.

146.    Defendant Town of Buxton and/or BPD are the final policy makers for BPD in the substantive area of conducting police investigations, making arrests, in making probable cause

determinations, drafting and obtaining arrest warrants and criminal complaints, and in instituting criminal proceedings.

147.    The policies, pattern of conduct, customs, practices and/ or procedures of the BPD, i.e., as to conducting police investigations, making arrests, in making probable cause determinations, drafting and obtaining arrest warrants and criminal complaints, and instituting criminal proceedings directly resulted in the malicious prosecution and/or continued malicious prosecution and resultant unlawful confinement, seizure, and deprivation of Plaintiffs' liberty without probable cause in violation of clearly established rights guaranteed to Plaintiffs by Article 1, Sections 1, 5, 6, and 6-A of the Maine Constitution and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

148.    As a proximate and direct result of violation of Plaintiffs' Constitutional rights, as foresaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries.

149.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, lost wages and/or earnings opportunities, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

## COUNT X. MALICIOUS PROSECUTION
### (All Defendants)

150.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 149 as though fully set forth herein.

151.    Municipal Defendants' agents, employees and/or servants, Defendants Chief Grovo, Ward, Collins and Joiner instituted, procured and/or continued to institute  or procure without probable cause and/or caused to be instituted, procured and/or continued to be instituted or procured without probable cause the criminal proceedings against Plaintiffs under York County

Court Docket Numbers CR-14-1006, CR-14-1005, and CR-14-1004 alleging that each of the Plaintiffs violated 17-A MRSA §651(1)(E) robbery a class A crime and 17-A MRSA §208(1)(B) aggravated assault a class B crime as to the victim.

152.    Defendants at no time, had reasonable or probable cause for believing that Plaintiffs committed any criminal offense against the victim and at no time had reasonable or probable cause to proceed with the Plaintiffs' arrest and the institution or procurement and/or continued institution or procurement of criminal proceedings against Plaintiffs without probable cause.

153.    Defendants knew and/or should have known the warrants were invalid, unlawful and/or defective, and that there was no reasonable cause or probable cause to support the arrest, the continued arrest and institution or procurement and/or continued institution or procurement of criminal proceedings against the Plaintiffs.

154.    Defendants acted with malice and/or for purposes other then that of bringing the offenders to justice, and/or with gross negligence in omitting to make suitable and reasonable inquiries before proceeding with the arrests and instituting criminal proceedings against Plaintiffs.

155.    The Plaintiffs' received a favorable termination of the criminal proceedings when the criminal Complaints were dismissed as to all three Plaintiffs for insufficient evidence.

156.    As a proximate and direct result of Defendants' wrongful acts, Plaintiffs suffered and continue to suffer grievous and long lasting injuries.

As a result of the unlawful conduct of Defendants Plaintiffs suffered and continue to suffer injuries and damages in which Defendants are liable.

## COUNT XI. FALSE IMPRISONMENT
### (All Defendants)

157.    By reference, Plaintiffs  incorporate each and every allegation and averment

28

contained in Paragraphs 1 through 156 as though fully set forth herein.

158. Municipal Defendants' agents, employees and/or servants, Defendants Chief Grovo, Ward, Collins and Joiner on or about May 15, 2014, arrested and/or caused to be arrested Plaintiffs Day and Hoar without probable cause and on or about May 18, 2014 arrested and/or caused to be arrested Plaintiff Crockett without probable cause. Police Officer Defendants obtained a warrant for each of the Plaintiffs' arrest, pursuant to Affidavits in Support of an Arrest Warrant, which included misleading statements made wantonly, or with intentional or reckless disregard for truth or falsity, and/ or which intentionally or recklessly included materially false information, and/ or with intentional or reckless disregard for the truth in omission of material facts. Any conceivable probable cause for arrest is vitiated if the materially false information is excluded and/or the omitted material facts included making the warrants invalid, unlawful and/or defective.

159. Plaintiffs were unlawfully detained and/or restrained and confined and/or caused to be unlawfully detained, and/or restrained and confined against their will by Defendants and/or due to Defendants and Plaintiffs were conscious of the detainment, restraint and/or confinement.

160. There was no authority and/or lawful authority to detain, and/or restrain and confine the Plaintiffs as there was no probable cause they committed the criminal offenses in which they were arrested.

161. Defendants wrongfully prolonged the unlawful arrests and incarcerations of Plaintiffs when it was known and/or should have been known the Plaintiffs' arrests and incarcerations were unlawful and Plaintiffs innocent.

162. As a proximate and direct result of the foregoing acts, Plaintiffs were wrongfully arrested and incarcerated for crimes they did not commit.

163.    As a proximate and direct result of Defendants' wrongful acts, Plaintiffs suffered and continue to suffer grievous and long lasting injuries.

As a result of the unlawful conduct of Defendants Plaintiffs suffered and continue to suffer injuries and damages in which Defendants are liable.

## COUNT XII. ASSAULT AND BATTERY
### (All Defendants)

164.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 163 as though fully set forth herein.

165.    Municipal Defendants agents, employees and/or servants, including Defendant Joiner on or about May 15, 2014, unlawfully arrested without probable cause Plaintiff Day pursuant to an invalid, unlawful and/or defective warrant.

166.    Defendants before and during Plaintiff Day's unlawful arrest, intended to cause Plaintiff apprehension of harmful or offensive contact and Defendants by their conduct did indeed cause Plaintiff apprehension that harmful or offensive contact would occur.

167.    Before and during Plaintiff Day's unlawful arrest, Defendants caused unlawful physical contact directly or indirectly with Plaintiff Day and intended the unlawful physical contact either to cause harmful or offensive contact to Plaintiff and/or to cause apprehension of such contact.

168.    The unlawful physical contact with Plaintiff Day was harmful, offensive and excessive in force and/or caused apprehension of such contact and excessive force.

169.    The unlawful physical contact with Plaintiff Day was unlawful, wholly unauthorized and/or was flagrant misconduct toward Plaintiff.

170.    The unlawful physical contact with Plaintiff Day was not consented to nor justified.

30

171.    Defendants including Defendant Joiner's unlawful conduct and unlawful physical contact with Plaintiff Day caused Plaintiff to suffer significant ongoing injuries and damages in which Defendants are liable.

As a result of the unlawful conduct of Defendants Plaintiff Day suffered and continues to suffer injuries and damages in which Defendants are liable.

## COUNT XIII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

172.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 171 as though fully set forth herein.

173.    Defendants intentionally and/or recklessly inflicted severe emotional distress upon Plaintiffs or it was certain or substantially certain that such distress would result from Defendants' conduct.

174.    The conduct was so extreme and outrageous as to exceed all possible bounds of decency and/or must be regarded as atrocious and/or utterly intolerable in a civilized community.

175.    The conduct of the Defendants caused Plaintiffs emotional distress.

176.    The emotional distress suffered by the Plaintiffs was so severe that no reasonable person could be expected to endure it.

177.    As a result of the wrongful conduct, Plaintiffs suffered and continue to suffer injuries and damages.

As a result of the unlawful conduct of Defendants Plaintiffs suffered and continue to suffer injuries and damages in which Defendants are liable.

## COUNT XIV. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

178.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 177 as though fully set forth herein.

31

179.   Defendants owed Plaintiff a duty of care not to cause them emotional harm and/or emotional distress.

180.   As a result of the negligence of Defendants Plaintiffs suffered severe emotional distress which was or should have been foreseeable to Defendants.

181.   As a result of the joint and/or several negligence of Defendants Plaintiffs suffered and continue to suffer injuries and damages in which Defendants are liable.

As a result of the unlawful conduct of Defendants Plaintiffs suffered and continue to suffer injuries and damages in which Defendants are liable.

### COUNT XV. DEFAMATION
### (All Defendants)

182.   By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 181 as though fully set forth herein.

183.   Municipal Defendants agents, employees and/or servants including Chief Grovo made false and defamatory statements concerning Plaintiffs to the public and/or third parties to the effect that Plaintiffs' committed the serious criminal conduct of robbery and assault and/or that there was probable cause to believe the Plaintiffs committed this serious criminal conduct, and/or that Plaintiffs did not timely provide exculpatory evidence and/or Defendants including Chief Grovo made defamatory statements that implied the existence of defamatory facts falsely implicating Plaintiffs in the serious criminal conduct. The statements include but are not limited to the statements as set forth in paragraph 81 herein.

184.   The statements were unprivileged and made with negligence and/or when Defendants including Defendant Chief Grovo knew the statements to be false and/or made in recklessly disregards of truth or falsity and/or with malice.

185.    The statements were slander *per se* and as a proximate and direct cause of Defendants' wrongful acts, Plaintiffs suffered and continue to suffer special harm and grievous and long lasting injuries including to their reputation, employment, employment opportunities, physical, mental and emotional health, and/or loss of companionship of their children.

As a result of the unlawful conduct of Defendants Plaintiffs suffered and continue to suffer injuries and damages in which Defendants are liable.

### COUNT XVI. VIOLATION OF 42 U.S.C. § 1983 Due Process/Defamation
### (Police Officers Defendants)

186.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 185 as though fully set forth herein.

187.    Police Officer Defendants including Defendant Chief Grovo made false and defamatory statements concerning Plaintiffs to the public and/or to third parties to the effect that Plaintiffs' committed the serious criminal conduct of robbery and assault and/or that there was probable cause to believe the Plaintiffs committed this serious criminal conduct, and/or that Plaintiffs did not timely provide exculpatory evidence and/or Defendants including Chief Grovo made defamatory statements that implied the existence of defamatory facts falsely implicating Plaintiffs in the serious criminal conduct. The statements included but are not limited to the statements as set forth in paragraph 81 herein.

188.    The statements were unprivileged and made when Police Officer Defendants including Defendant Chief Grovo knew the statements to be false and/or made in recklessly disregards of truth or falsity and/or with malice.

189.    As a proximate and direct result of Defendants' unlawful acts, Plaintiffs suffered harm and were deprived of life, liberty and/or property, without due process of law including as to

33

their reputation, physical, mental and emotional health, employment, employment opportunities, and/or companionship of their children.

190.    Defendants, at all times material hereto, acted under color of the law.

191.    Defendants' actions constituted a violation of Plaintiffs' due process rights as a result of defamation and caused the deprivation of Plaintiffs' life, liberty and/or property rights without due process of law in violation of clearly established rights guaranteed to the Plaintiffs by Article 1, Sections 1, 5, 6, and/or 6-A of the Maine Constitution and by the Fifth and Fourteenth Amendments to the United States Constitution.

192.    As a proximate and direct result of violation of Plaintiffs' Constitutional rights as foresaid, Plaintiffs have suffered and continue to suffer injuries and damages including to their reputation, employment, employment opportunities, physical, mental and emotional health, and/or loss of companionship of their children.

193.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering,  loss of employment, lost wages and/or earnings opportunities, loss of reputation, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

### COUNT XVII. VIOLATION OF 42 U.S.C. § 1983 Due Process/Defamation
### (Municipal Defendant and Defendant Chief Grovo)

194.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 193 as though fully set forth herein.

195.    Defendant Town of Buxton through BPD are the employer of Police Officer Defendants and Municipal Defendants and/or Defendant Chief Grovo set the policies and procedures for training, supervising and/or disciplining of Buxton police officers.

196.    Police Officer Defendants were inadequately trained, supervised, and/ or disciplined in conducting reasonable police investigations, making arrests, in making probable cause determinations, drafting and obtaining arrest warrants and criminal complaints, in instituting criminal proceedings and in making public and/or to third parties statements concerning others and/or police investigations.

197.    Police Officer Defendants' inadequate training, supervision, and/ or discipline in conducting reasonable police investigations, making arrests, in making probable cause determinations, drafting and obtaining arrest warrants and criminal complaints, in instituting criminal proceedings, and in making public and/or to third parties statements concerning others and/or police investigations directly and foreseeably resulted in a due process violation as result of defamation and caused the deprivation of Plaintiffs' life, liberty and/or property rights without due process of law in violation of clearly established rights guaranteed to the Plaintiffs by Article 1, Sections 1, 5, 6, and/or 6-A of the Maine Constitution and by the Fifth and Fourteenth Amendments to the United States Constitution.

198.    As a proximate and direct result of violation of Plaintiffs' Constitutional rights, as foresaid, Plaintiffs have suffered and continue to suffer grievous and long lasting injuries including as to their reputation, physical, mental and emotional health, employment, employment opportunities, and/or loss of companionship of their children.

199.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental

35

injuries and damages, medical expenses, pain and suffering, loss of employment, lost wages and/or earnings opportunities, loss of reputation, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

## COUNT XVIII. VIOLATION OF 42 U.S.C. § 1983 Due Process/Defamation
### (Municipal Defendants)

200. By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 199 as though fully set forth herein.

201.    Defendant Town of Buxton and/or BPD are the final policy makers for BPD in the substantive area of conducting police investigations, making arrests, in making probable cause determinations, drafting and obtaining arrest warrants and criminal complaints, in instituting criminal proceedings, and in making public and/or to third parties statements concerning others and/or police investigations.

202.    The policies, pattern of conduct, customs, practices and/ or procedures of the Buxton Police Department, i.e., as to conducting police investigations, making arrests, in making probable cause determinations, drafting and obtaining arrest warrants and criminal complaints, in instituting criminal proceedings, and in making public and/or to third parties statements concerning others and/or police investigations directly resulted in a due process violation as result of defamation and caused the deprivation of Plaintiffs' life, liberty and/or property rights without due process of law in violation of clearly established rights guaranteed to the Plaintiffs by Article 1, Sections 1, 5, 6, and/or 6-A of the Maine Constitution and by the Fifth and Fourteenth Amendments to the United States Constitution.

203. As a proximate and direct result of violation of Plaintiffs' Constitutional rights Plaintiffs have suffered and continue to suffer grievous and long lasting injuries including as to their

reputation, physical, mental and emotional health, employment, employment opportunities, and/or loss of companionship of their children.

204.    Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, loss of employment, lost wages and/or earnings opportunities, loss of reputation, loss of enjoyment of life, and loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

### COUNT XIX. FALSE LIGHT
### (All Defendants)

205.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 204 as though fully set forth herein.

206.    Municipal Defendants' agents, employees and/or servants including Defendants Grovo gave publicity to the public matters concerning the Plaintiffs to the effect that Plaintiffs' committed the serious criminal conduct of robbery and assault and/or that there was probable cause to believe the Plaintiffs committed this serious criminal conduct, and/or that Plaintiffs did not timely provide exculpatory evidence and/or Defendants including Chief Grovo gave publicity to the public matters concerning Plaintiffs that implied the existence of defamatory facts falsely implicating Plaintiffs in the serious criminal conduct. The publicity included but is not limited to the statements as set forth in paragraph 81 herein.

207.    Defendants gave publicity to the matters with knowledge of the falsity and/or in reckless disregard as to the truth or falsity and the false light in which the Plaintiffs would be placed.

208.    Due to the wrongful actions of Defendants, Plaintiffs were placed before the public in a false light which would be highly offensive to a reasonable person and which was highly offensive to Plaintiffs.

37

209.     As a proximate and direct cause of Defendants' wrongful acts, Plaintiffs suffered and continue to suffer grievous and long lasting injuries.

As a result of the unlawful conduct of Defendants Plaintiffs suffered and continue to suffer injuries and damages in which Defendants are liable.

## COUNT XX. VICARIOUS LIABILITY
### (Municipal Defendants)

210.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 209 as though fully set forth herein.

211.    Defendants Town of Buxton and/or Buxton Police Department's servants, agents and/or employees, including but not limited to Police Officer Defendants, Chief Grovo, Ward, Collins and Joiner were at all  times material hereto acting within the course and scope of their employment.

212.    Municipal Defendants are vicariously liable for the unlawful and/or tortious conduct of their agents, employees and/or servants, including but not limited to Police Officer Defendants Chief Grovo, Ward, Collins and Joiner that caused injuries and damages to Plaintiffs.

## XXI. PUNITIVE DAMAGES

213.    By reference, Plaintiffs incorporate each and every allegation and averment contained in Paragraphs 1 through 212 as though fully set forth herein.

214.    Defendants acted with malicious, reckless or callous disregard for Plaintiffs' state and federal protected rights and/or intentionally violated federal and state law.

215.    Defendants acted with malice toward Plaintiffs and/or Defendants' conduct was so outrageous toward Plaintiffs that malice can be implied.

216.    Plaintiffs are entitled to punitive damages.

Due to the unlawful and/or tortious conduct of Defendants Plaintiffs have suffered and continue to suffer physical, emotional, and mental injuries and damages, medical expenses, pain and suffering, mental and emotional distress, permanent injuries, humiliation, loss of reputation, lost wages and/or earnings opportunities, economic losses, loss of enjoyment of life, and/or loss of companionship of children, and seek compensatory damages, punitive damages, attorney fees and costs and all other relief available under the law.

**WHEREFORE,** Plaintiffs respectfully request this Court enter judgment for all Plaintiffs as to Counts I. through XI. and Counts XIII through XXI, enter judgment for Plaintiff Day as to Count XII., and enter as to all Plaintiffs an assessment of damages sufficient to fairly and reasonably compensate the Plaintiffs for all injuries and damages sustained together with an award of punitive damages, attorney fees, costs and interest and any other relief available under the law.

Dated at Kennebunk, Maine this _____ day of May 2016.

Karen Wolfram, Esq. (Bar No: 9312)
Attorney for Plaintiffs
Maine Legal Associates, P.A.
Fairfield & Associates, P.A.
11 Maine Street, Suite 1
Kennebunk, ME
(207)985-1199

STATE OF MAINE
YORK, ss

SUPERIOR COURT
LOCATION: ALFRED
RECEIVED
STATE OF MAINE
DOCKET NO:  CR-14-1005

2014 MAY 15  PM 3 43

COUNTY OF YORK
CLERKS OFFICE

STATE OF MAINE

v.

COMPLAINT

**STACEY L DAY**
DOB: 8/24/1978
SIN: ME0064617
134 Cemetary Road
Buxton, ME  04093
G: Female  Ht: 5'2"  Wt: 160  H: Brown
E: Hazel  R: White

COUNT 1: ROBBERY
COUNT 2: AGGRAVATED ASSAULT

The undersigned officer, being duly sworn, states upon information and belief that:

**COUNT 1:**

17-A M.R.S.A. §651(1)(E)
Seq No: 4294W
**ROBBERY**
**CLASS A**
ATN/CTN 082908B / 001

On or about March 11, 2014, in Buxton, YORK County, Maine, **STACEY L DAY**, did commit or attempt to commit theft from Deborah Nielsen and at that time did threaten to use force against Deborah Nielsen, who was present, with the intent to prevent or overcome resistance to the taking of the property, or the retention of the property immediately after the taking, or to compel the person in control of the property to give it up or to engage in other conduct which aided in the taking or carrying away of the property. **STACEY L DAY** or an accomplice to her knowledge was armed with a dangerous weapon, a belt sander, in the course of the robbery.

**COUNT 2:**

17-A M.R.S.A. §208(1)(B)
Seq No: 630X1
**AGGRAVATED ASSAULT**
**CLASS B**
ATN/CTN 082908B / 002

On or about March 11, 2014, in Buxton, YORK County, Maine, **STACEY L DAY,** did intentionally, knowingly, or recklessly cause bodily injury to Deborah Nielsen with the use of a dangerous weapon, a belt sander.

5/15/14  PC, w/a
no weapons, drugs, Alcohol Rest
no contact with CW
20,000 CB.

T. Herm



EXHIBIT
A

COMPLAINANT

Sworn to before me, _____ 5/15 , 2014

_____
Clerk/Justice of Peace/Judge/Justice

OFFICER:  Andrew Ward
DEPT:  Buxton Police Department
ARREST WARRANT
JW#:14-3774

STATE OF MAINE
YORK, ss

SUPERIOR COURT
LOCATION: ALFRED
DOCKET NO:  CR-14-1004

STATE OF MAINE

RECEIVED
STATE OF MAINE

2014 MAY 15  PM 3 43

COUNTY OF YORK
CLERKS OFFICE

v.

COMPLAINT

GREGORY C HOAR
DOB: 8/12/1984
SIN: ME0208053
202 Elm Street #1
Biddeford, ME  04005
G: Male  Ht: 6'2"  Wt: 265  H: Brown
E: Blue  R: White

COUNT 1: ROBBERY
COUNT 2: AGGRAVATED ASSAULT

The undersigned officer, being duly sworn, states upon information and belief that:

**COUNT 1:**

**17-A M.R.S.A. §651(1)(E)**
**Seq No: 4294W**
**ROBBERY**
**CLASS A**
**ATN/CTN 082910B / 001**

On or about March 11, 2014, in Buxton, YORK County, Maine, **GREGORY C HOAR,** did commit or attempt to commit theft from Deborah Nielsen and at that time did threaten to use force against Deborah Nielsen, who was present, with the intent to prevent or overcome resistance to the taking of the property, or the retention of the property immediately after the taking, or to compel the person in control of the property to give it up or to engage in other conduct which aided in the taking or carrying away of the property. **GREGORY C HOAR** or an accomplice to his knowledge was armed with a dangerous weapon, a belt sander, in the course of the robbery.

**COUNT 2:**

**17-A M.R.S.A. §208(1)(B)**
**Seq No: 630X1**
**AGGRAVATED ASSAULT**
**CLASS B**
**ATN/CTN 082910B / 002**

On or about March 11, 2014, in Buxton, YORK County, Maine, **GREGORY C HOAR,** did intentionally, knowingly, or recklessly cause bodily injury to Deborah Nielson with the use of a dangerous weapon, a belt sander.

5/15/14   PC, w/a,   no weapons, drugs, Alcohol
RST
no contact with Deborah
Nelson or immediate family

20,000 CB
In-

COMPLAINANT

Sworn to before me, ___5/16___ , 2014

_____
Clerk/Justice of Peace/Judge/Justice

OFFICER:  Andrew Ward
DEPT:  Buxton Police Department
ARREST WARRANT
JW#:14-3775

STATE OF MAINE                                      SUPERIOR COURT
YORK, ss                                            LOCATION: ALFRED
                          RECEIVED                  DOCKET NO:  CR - 14 - 1006
                        STATE OF MAINE

STATE OF MAINE          2014 MAY 15  PM 3 43  COMPLAINT

    v.                  COUNTY OF YORK

MICHAEL C CROCKETT JR CLERKS OFFICE
DOB: 4/13/1984                                      COUNT 1: ROBBERY
SIN: ME0088925                                      COUNT 2: AGGRAVATED ASSAULT
315 Chicopee Drive
Buxton, ME   04093
G: Male  Ht: 5'11"  Wt: 170  H: Black
E: Hazel  R: White

The undersigned officer, being duly sworn, states upon information and belief that:

COUNT 1:                                 17-A M.R.S.A. §651(1)(E)
                                         Seq No: 4294W
                                         ROBBERY
                                         CLASS A
                                         ATN/CTN 082906B / 001

On or about March 11, 2014, in Buxton, YORK County, Maine, **MICHAEL C CROCKETT JR**, did
commit or attempt to commit theft from Deborah Nielsen and at that time did threaten to use force
against Deborah Nielsen, who was present, with the intent to prevent or overcome resistance to the
taking of the property, or the retention of the property immediately after the taking, or to compel the
person in control of the property to give it up or to engage in other conduct which aided in the taking or
carrying away of the property. **MICHAEL C CROCKETT JR** or an accomplice to his knowledge was
armed with a dangerous weapon, a belt sander, in the course of the robbery.

COUNT 2:                                 17-A M.R.S.A. §208(1)(B)
                                         Seq No: 630X1
                                         AGGRAVATED ASSAULT
                                         CLASS B
                                         ATN/CTN 082906B / 002

On or about March 11, 2014, in Buxton, YORK County, Maine, **MICHAEL C CROCKETT JR**, did
intentionally, knowingly, or recklessly cause bodily injury to Deborah Nielsen with the use of a
dangerous weapon, a belt sander.

5/15/14   PC w/a
          no weapons drugs, alcohol, ROS
          no contact with CW

          20,000 CB

          7.11

_Andrew L. Ward_
**COMPLAINANT**

Sworn to before me, _6/15_, 2014

_____
Clerk/Justice of Peace/Judge/Justice

OFFICER: Andrew Ward
DEPT: Buxton Police Department
ARREST WARRANT
JW#:14-3773

Redacted

RECEIVED
STATE OF MAINE

# AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

## TO ANY JUDGE OF THE SUPERIOR COURT OR COMPLAINT JUSTICE

COUNTY OF YORK
CLERKS OFFICE

**I, Officer Andrew Ward, being sworn as oath, state as follows:**

That I am a police officer for the Town of Buxton, State of Maine, County of York, and a graduate of the Maine Criminal Justice Academy pre service program.

Based on the following information I have probable cause to believe and do believe that on Friday, April 12, 2014 at 2116 hours Stacey Day (*DOB* ⬛⬛⬛, *5' 2", 163 lbs., brown hair, hazel eyes, social security* ⬛⬛⬛⬛⬛) committed the crime of *(Robbery Class A, and Aggravated Assault)*

**My basis for probable cause is as follows:**

1.      On March 11th 2014 Deborah Nielsen (Date of Birth 05/24/53) returned home and interrupted a burglary to her garage and was struck on the head with a heavy object and fell to the floor partially losing consciousness.
2.      Deborah Nielsen was then tied up with plastic ties to her hands and duct tape to her ankles and threatened to be kicked if she didn't produce money. Suspect's also stated they would enter the residence and harm her granddaughter Morgan as well.
3.      Nielsen was in fear of her life and having bodily injury and gave the suspect $5000 in cash she had on hand.
4.      Nielsen described three suspects 2 males and 1 female. The Male suspect that assaulted her was described  as a bulky built male wearing work boots and a knit hat that had a star on it. (Possibly a Dallas Cowboys hat) Nielsen described the male as having a very distinct  deep voice. Nielsen advises she would recognize the voice if heard again.
5.      On 05/14/2014 Officer Kevin Collins received a tip about the crime from Shaun Webster (dob 04/24/1993) Webster advised that the suspects were planning on returning to the residence in the next couple of days to do bodily harm to the victim, as they feel the victim knows who the suspects are. Webster advised that Stacey Day (DOB 08/24/1978), Michael Crockett (DOB 04/13/1984), and Gregory Hoar (DOB 08/12/1984) were the three suspects. The informant advises Day hit the woman on the head with a belt sander (information that was never released to the public).
6.      Webster stated that Crockett is familiar with the victim, as he had stolen money from the garage in the past.



**EXHIBIT**

**B**

7.     Webster stated that Hoar and Crockett carried the box containing the fireworks and cash from the residence at 32 Callahan Rd to the Bean residence at 60 Old Thompson Road.

8.     This information would corroborate the K-9 track on the night of the robbery in which the K-9 tracked from 32 Callahan Rd directly to 60 Old Thompson Rd.

9.     Webster stated that on the night of the robbery when Officer Collins photographed Nathaniel Beans work boots that Hoar the next day threw his work boots into the pond across the street from the Bean residence. Hoar was concerned that we may be looking for his work boots next.

10.    Webster states that there is approximately $2300 in cash left of the $5000 taken which is located in a crawl space at 44 Old Thompson Road.

11.    Webster stated that he and the suspects went back to the victim's house the next night and watched the residence from the wood line and were planning on attacking the victim again. They did not attack her again because the victim's husband was home.

12.    Webster stated that the three suspects are growing concerned that they may be identified and are planning on attaching the victim, possibly with a rifle owned by Hoar.

V.     I am currently employed by the Town of Buxton Police Department as Police Officer.  I have worked at the Buxton Police Department since 2010, previously worked for the Fryeburg Police Department as a patrol Officer. During the course of my career I attended numerous law enforcement trainings related to my profession.

VI. Based on my education, training and experience, and the facts set forth in this affidavit, I believe the following:

1.     Webster's tip is credible based on: He knew facts about the case that were not made public. Webster indicated that on the night of the robbery, Hoar was wearing a Dallas Cowboys hat which has a star on it. Webster is a personal friend of Day, Crockett, and Hoar. Day had admitted to him all the facts of the crime. Webster was not telling the information for any personal gain, and he was concerned for the victim's safety because the suspects have been watching the residence and waiting for a time to inflict more bodily injury to the victim.

2.     A certified tracking K-9 from the Cumberland County Sheriff's department tracked straight from the crime scene to the yard of 60 Old Thompson Road and to a camper trailer on site of 60 Old Thompson Rd, where Stacey Day was located.

3.     Statement from Shaun Webster states that the money that has not been spent is located in a crawl space at 44 Old Thompson Road

4.     Webster states that Munson sales Marijuana, pills, heroin, and cocaine from this residence.

5.     The residence of Richard Munson is in proximity to the crime scene (within ½ mile).

Therefore I beseech the honorable judge to issue a warrant authorizing the arrest of Stacey Day  (DOB ████, 5' 2", 163 lbs., brown hair, hazel eyes, social security ████████) for one felony count of *__Robbery, and Aggravated Assault__*

I swear the above information is true and correct to the best of my knowledge and belief.

York SS
State of Maine

Date: May 15, 2014


Officer Andrew L. Ward
Buxton Police Department
State of Maine


Sworn and subscribed before me on this 15th day of _____ MAY , 2015.


_____
Notary Public


_____
Judge of the Superior Court

*Redacted*

RECEIVED
STATE OF MAINE
2014 MAR 15  PM 3 43
COUNTY
CLERKS OFFICE

# AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT

# TO ANY JUDGE OF THE SUPERIOR COURT OR COMPLAINT JUSTICE

**I, Officer Andrew Ward, being sworn as oath, state as follows:**

That I am a police officer for the Town of Buxton, State of Maine, County of York, and a graduate of the Maine Criminal Justice Academy pre service program.

Based on the following information I have probable cause to believe and do believe that on Friday, April 12, 2014 at 2116 hours Gregory Hoar (*DOB* ████, *6' 2",265 lbs., brown hair, blue eyes, social security* ████████) committed the crime of _**Robbery Class A, and Aggravated Assault**_)

**My basis for probable cause is as follows:**

1.     On March 11th 2014 Deborah Nielsen (Date of Birth 05/24/53) returned home and interrupted a burglary to her garage and was struck on the head with a heavy object and fell to the floor partially losing consciousness.

2.     Deborah Nielsen was then tied up with plastic ties to her hands and duct tape to her ankles and threatened to be kicked if she didn't produce money. Suspect's also stated they would enter the residence and harm her granddaughter Morgan as well.

3.     Nielsen was in fear of her life and having bodily injury and gave the suspect $5000 in cash she had on hand.

4.     Nielsen described three suspects 2 males and 1 female. The Male suspect that assaulted her was described  as a bulky built male wearing work boots and a knit hat that had a star on it. (Possibly a Dallas Cowboys hat) Nielsen described the male as having a very distinct  deep voice. Nielsen advises she would recognize the voice if heard again.

5.     On 05/14/2014 Officer Kevin Collins received a tip about the crime from Shaun Webster (dob 04/24/1993) Webster advised that the suspects were planning on returning to the residence in the next couple of days to do bodily harm to the victim, as they feel the victim knows who the suspects are. Webster advised that Stacey Day (DOB 08/24/1978), Michael Crockett (DOB 04/13/1984), and Gregory Hoar (DOB 08/12/1984) were the three suspects. The informant advises Day hit the woman on the head with a belt sander (information that was never released to the public).

6.     Webster stated that Crockett is familiar with the victim, as he had stolen money from the garage in the past.

7.     Webster stated that Hoar and Crockett carried the box containing the fireworks and cash from the residence at 32 Callahan Rd to the Bean residence at 60 Old Thompson Road.

8.      This information would corroborate the K-9 track on the night of the robbery in which the K-9 tracked from 32 Callahan Rd directly to 60 Old Thompson Rd.

9.      Webster stated that on the night of the robbery when Officer Collins photographed Nathaniel Beans work boots that Hoar the next day threw his work boots into the pond across the street from the Bean residence. Hoar was concerned that we may be looking for his work boots next.

10.     Webster states that there is approximately $2300 in cash left of the $5000 taken which is located in a crawl space at 44 Old Thompson Road.

11.     Webster stated that he and the suspects went back to the victim's house the next night and watched the residence from the wood line and were planning on attacking the victim again. They did not attack her again because the victim's husband was home.

12. Webster stated that the three suspects are growing concerned that they may be identified and are planning on attaching the victim, possibly with a rifle owned by Hoar.

V.     I am currently employed by the Town of Buxton Police Department as Police Officer. I have worked at the Buxton Police Department since 2010, previously worked for the Fryeburg Police Department as a patrol Officer. During the course of my career I attended numerous law enforcement trainings related to my profession.

VI. Based on my education, training and experience, and the facts set forth in this affidavit, I believe the following:

1.      Webster's tip is credible based on: He knew facts about the case that were not made public. Webster indicated that on the night of the robbery, Hoar was wearing a Dallas Cowboys hat which has a star on it. Webster is a personal friend of Day, Crockett, and Hoar. Day had admitted to him all the facts of the crime. Webster was not telling the information for any personal gain, and he was concerned for the victim's safety because the suspects have been watching the residence and waiting for a time to inflict more bodily injury to the victim.

2.      A certified tracking K-9 from the Cumberland County Sheriff's department tracked straight from the crime scene to the yard of 60 Old Thompson Road and to a camper trailer on site of 60 Old Thompson Rd, where Stacey Day was located.

3.      Statement from Shaun Webster states that the money that has not been spent is located in a crawl space at 44 Old Thompson Road

4.      Webster states that Munson sales Marijuana, pills, heroin, and cocaine from this residence.

5.      The residence of Richard Munson is in proximity to the crime scene (within ½ mile).

Therefore I beseech the honorable judge to issue a warrant authorizing the arrest of Gregory Hoar (DOB ▮▮▮▮▮▮ 2", 265 lbs., brown hair, blue eyes, social security ▮▮▮▮▮▮) for the felony count's of *Robbery, and Aggravated Assault*

I swear the above information is true and correct to the best of my knowledge and belief.

York SS
State of Maine

Date:  May 15, 2014


Officer Andrew L.Ward
Buxton Police Department
State of Maine


Sworn and subscribed before me on this _15th_ day of _MAY_, 2015.


Notary Public


Judge of the Superior Court

Redacted

RECEIVED
STATE OF MAINE
APR 15 PM 3 43
COUNTY
CLERKS OFFICE

# AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT
# TO ANY JUDGE OF THE SUPERIOR COURT OR COMPLAINT JUSTICE

**I, Officer Andrew Ward, being sworn as oath, state as follows:**

That I am a police officer for the Town of Buxton, State of Maine, County of York, and a graduate of the Maine Criminal Justice Academy pre service program.

Based on the following information I have probable cause to believe and do believe that on Friday, April 12, 2014 at 2116 hours Michael Crockett (*DOB* ▓▓▓▓, *5' 11", 170 lbs., black hair, hazel eyes, social security* ▓▓▓▓▓▓) committed the crime of ***Robbery Class A, and Aggravated Assault)***

**My basis for probable cause is as follows:**

1.     On March 11th 2014 Deborah Nielsen (Date of Birth 05/24/53) returned home and interrupted a burglary to her garage and was struck on the head with a heavy object and fell to the floor partially losing consciousness.

2.     Deborah Nielsen was then tied up with plastic ties to her hands and duct tape to her ankles and threatened to be kicked if she didn't produce money. Suspect's also stated they would enter the residence and harm her granddaughter Morgan as well.

3.     Nielsen was in fear of her life and having bodily injury and gave the suspect $5000 in cash she had on hand.

4.     Nielsen described three suspects 2 males and 1 female. The Male suspect that assaulted her was described as a bulky built male wearing work boots and a knit hat that had a star on it. (Possibly a Dallas Cowboys hat) Nielsen described the male as having a very distinct deep voice. Nielsen advises she would recognize the voice if heard again.

5.     On 05/14/2014 Officer Kevin Collins received a tip about the crime from Shaun Webster (dob 04/24/1993) Webster advised that the suspects were planning on returning to the residence in the next couple of days to do bodily harm to the victim, as they feel the victim knows who the suspects are. Webster advised that Stacey Day (DOB 08/24/1978), Michael Crockett (DOB 04/13/1984), and Gregory Hoar (DOB 08/12/1984) were the three suspects. The informant advises Day hit the woman on the head with a belt sander (information that was never released to the public).

6.     Webster stated that Crockett is familiar with the victim, as he had stolen money from the garage in the past.

7.     Webster stated that Hoar and Crockett carried the box containing the fireworks and cash from the residence at 32 Callahan Rd to the Bean residence at 60 Old Thompson Road.

8.    This information would corroborate the K-9 track on the night of the robbery in which the K-9 tracked from 32 Callahan Rd directly to 60 Old Thompson Rd.

9.    Webster stated that on the night of the robbery when Officer Collins photographed Nathaniel Beans work boots that Hoar the next day threw his work boots into the pond across the street from the Bean residence. Hoar was concerned that we may be looking for his work boots next.

10.    Webster states that there is approximately $2300 in cash left of the $5000 taken which is located in a crawl space at 44 Old Thompson Road.

11.    Webster stated that he and the suspects went back to the victim's house the next night and watched the residence from the wood line and were planning on attacking the victim again. They did not attack her again because the victim's husband was home.

12. Webster stated that the three suspects are growing concerned that they may be identified and are planning on attaching the victim, possibly with a rifle owned by Hoar.

V.    I am currently employed by the Town of Buxton Police Department as Police Officer. I have worked at the Buxton Police Department since 2010, previously worked for the Fryeburg Police Department as a patrol Officer. During the course of my career I attended numerous law enforcement trainings related to my profession.

VI. Based on my education, training and experience, and the facts set forth in this affidavit, I believe the following:

1.    Webster's tip is credible based on: He knew facts about the case that were not made public. Webster indicated that on the night of the robbery, Hoar was wearing a Dallas Cowboys hat which has a star on it. Webster is a personal friend of Day, Crockett, and Hoar. Day had admitted to him all the facts of the crime. Webster was not telling the information for any personal gain, and he was concerned for the victim's safety because the suspects have been watching the residence and waiting for a time to inflict more bodily injury to the victim.

2.    A certified tracking K-9 from the Cumberland County Sheriff's department tracked straight from the crime scene to the yard of 60 Old Thompson Road and to a camper trailer on site of 60 Old Thompson Rd, where Stacey Day was located.

3.    Statement from Shaun Webster states that the money that has not been spent is located in a crawl space at 44 Old Thompson Road

4.    Webster states that Munson sales Marijuana, pills, heroin, and cocaine from this residence.

5.    The residence of Richard Munson is in proximity to the crime scene (within ½ mile).

Therefore I beseech the honorable judge to issue a warrant authorizing the arrest of Michael Crockett (*DOB* ▇▇▇▇ *5' 11", 170 lbs., black hair, hazel eyes, social security* ▇▇▇▇▇▇▇) for the felony count's of ***Robbery, and Aggravated Assault***

I swear the above information is true and correct to the best of my knowledge and belief.

York SS
State of Maine

Date: May 15, 2014


_✓ Andrew L. Ward_

Officer Andrew L. Ward
Buxton Police Department
State of Maine


Sworn and subscribed before me on this _15th_ day of _MAY_ , 2014.


_____

Notary Public


_____

Judge of the Superior Court

# STATE OF MAINE

SUPERIOR COURT _____ , ss.
Docket No. _14 - 1005_     RECEIVED
                          STATE OF MAINE

DISTRICT COURT
Location _____
Docket No. _____

STATE OF MAINE    2016 JUN 2  AM 11 19

v.    COUNTY OF YORK
      CLERKS OFFICE

**DISMISSAL**
(M.R.Crim.P. 48(a))

STACEY DAY
_____
        Defendant

Pursuant to Rule 48(a) of the Maine Rules of Criminal Procedure the (District Attorney for Prosecutorial District ____1____ ) (Attorney General of the State of Maine) hereby dismisses the indictment, information, complaint or count(s) ___1, 3___ thereof against the defendant for the following reasons:

1) ☐ Defendant has pled to other charges:_____
   _____
                    *(docket number(s) and count(s))*

2) ☐ Defendant has been indicted on this or a substituted charge:_____
   _____
                    *(docket number(s) and count(s))*

3) ☐ Witness unavailable.

4) ☑ Insufficient evidence.

5) ☐ Defendant is a juvenile.

6) ☐ De Minimis.

7) ☐ Court has found Defendant not competent to stand trial and has ordered that all charges against Defendant in this matter are dismissed.

8) ☐ Other _____
   _____
   _____
   _____

Date:_____          _____
                              (Asst.) District Attorney / Attorney General

## TO BE COMPLETED IF DISMISSED DURING TRIAL:

I, _____ , defendant, consent to the filing of the foregoing dismissal.

Date:_____          _____
                              Defendant

CR-123, Rev. 10/13     WHITE - original for Clerk;  YELLOW - Prosecutor's copy;  PINK - Defendant's copy


EXHIBIT

**STATE OF MAINE**

SUPERIOR COURT

A(rd) , ss.

Docket No. 14-1004

RECEIVED
STATE OF MAINE

DISTRICT COURT

Location _____

Docket No. _____

STATE OF MAINE 16 JUN 2 AM 11 19

v.

COUNTY OF YORK
CLERKS OFFICE

**DISMISSAL**
(M.R.Crim.P. 48(a))

Gregory Hoar
_____
Defendant

Pursuant to Rule 48(a) of the Maine Rules of Criminal Procedure the (District Attorney for Prosecutorial District _____1_____) (Attorney General of the State of Maine) hereby dismisses the indictment, information, complaint or count(s) _____1, 2_____ thereof against the defendant for the following reasons:

1)  ☐ Defendant has pled to other charges:_____

_____
(docket number(s) and count(s))

2)  ☐ Defendant has been indicted on this or a substituted charge:_____

_____
(docket number(s) and count(s))

3)  ☐ Witness unavailable.

4)  ☐ Insufficient evidence.

5)  ☐ Defendant is a juvenile.

6)  ☐ De Minimis.

7)  ☐ Court has found Defendant not competent to stand trial and has ordered that all charges against Defendant in this matter are dismissed.

8)  ☑ Other INSUFFICIENT evidence
_____
_____
_____
_____

Date:_____          _____
(Asst.) District Attorney / Attorney General

**TO BE COMPLETED IF DISMISSED DURING TRIAL:**

I, _____, defendant, consent to the filing of the foregoing dismissal.

Date:_____          _____
Defendant

CR-123, Rev. 10/13          WHITE - original for Clerk;  YELLOW - Prosecutor's copy;  PINK - Defendant's copy

## STATE OF MAINE

SUPERIOR COURT
_____ AHCW _____, ss.
Docket No. _____ 14-1006 Fel

DISTRICT COURT
Location _____
Docket No. _____

STATE OF MAINE

v.

Michael Crockett
_____
Defendant

**DISMISSAL**
(M.R.Crim.P. 48(a))

Pursuant to Rule 48(a) of the Maine Rules of Criminal Procedure the (District Attorney for Prosecutorial District _____1_____) (Attorney General of the State of Maine) hereby dismisses the indictment, information, complaint or count(s) _____1 2_____ thereof against the defendant for the following reasons:

1)   ☐ Defendant has pled to other charges:_____
_____
                              *(docket number(s) and count(s))*

2)   ☐ Defendant has been indicted on this or a substituted charge:_____
_____
                              *(docket number(s) and count(s))*

3)   ☐ Witness unavailable.

4)   ☐ Insufficient evidence.

5)   ☐ Defendant is a juvenile.

6)   ☐ De Minimis.

7)   ☐ Court has found Defendant not competent to stand trial and has ordered that all charges against Defendant in this matter are dismissed.

8)   ☐ Other _____
_____
_____

Date: 5-30-14

_____
(Asst.) District Attorney / Attorney General

## TO BE COMPLETED IF DISMISSED DURING TRIAL:

I, _____, defendant, consent to the filing of the foregoing dismissal.

Date:_____            _____
                                                                        Defendant

CR-123, Rev. 10/13        WHITE - original for Clerk;  YELLOW - Prosecutor's copy;  PINK - Defendant's copy