## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **STACEY DAY, GREGORY HOAR, AND MICHAEL CROCKETT,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | **Civil Action Case No**. _____ |
| **TOWN OF BUXTON,** | ) | |
| **BUXTON POLICE DEPARTMENT** | ) | |
| **AND BUXTON CHIEF OF POLICE** | ) | |
| **MICHAEL S. GROVO,** | ) | |
| **BUXTON POLICE OFFICER** | ) | |
| **ANDREW WARD, BUXTON POLICE** | ) | |
| **OFFICER KEVIN COLLINS AND** | ) | |
| **BUXTON POLICE OFFICER** | ) | |
| **JASON JOINER,** | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANTS TOWN OF BUXTON, BUXTON POLICE DEPARTMENT, POLICE CHIEF MICHAEL S. GROVO, OFFICER KEVIN COLLINS AND OFFICER JASON JOINER'S ANSWER TO PLAINTIFFS' COMPLAINT AND JURY TRIAL DEMAND

NOW COME Defendants Town of Buxton, Buxton Police Department, Buxton Chief of Police Michael S. Grovo, Buxton Police Officer Kevin Collins and Buxton Police Officer Jason Joiner (collectively "Defendants") and answer Plaintiffs' Complaint as follows:

### INTRODUCTION

1.      The allegations in paragraph 1 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.      The allegations in paragraph 2 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      The allegations in paragraph 3 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.      The allegations in paragraph 4 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5.      The allegations in paragraph 5 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6.      The allegations in paragraph 6 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 6 of the Complaint.

7.      The allegations in paragraph 7 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 7 of the Complaint.

## THE PARTIES

8.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 and, therefore, deny same.

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, deny same.

10.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and, therefore, deny same.

11.      Defendants admit that Defendant Chief Michael S. Grovo was employed by the Town of Buxton as the Chief of Police for the Buxton Police Department.  Defendants also admit that Chief Grovo acted under color of law.  Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12.      The allegations contained in paragraph 12 are solely against Defendant Andrew Ward and not against these Defendants, and therefore no response is required.

13.      Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.      Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.      Defendants admit the allegations contained in paragraph 15 of the Complaint.

16.      Defendants admit the allegations contained in the first sentence of Paragraph 16 of the Complaint.  Defendants deny all remaining allegations contained in paragraph 16 of the Complaint.

17.      Defendants deny the allegations contained in paragraph 17 of the Complaint.

**STATEMENT OF FACTS**

18.      Defendants admit the allegations contained in paragraph 18 of the Complaint.

19.      Defendants admit the allegations contained in paragraph 19 of the Complaint.

20.      Defendants admit the allegations contained in paragraph 20 of the Complaint.

21.      Defendants admit the allegations contained in paragraph 21 of the Complaint.

22.     Defendants are without sufficient knowledge or information to form a belief as to who was residing at the house and camper located at 60 Thompson Road and, therefore, deny same.  Defendants otherwise admit the allegations contained in paragraph 22 of the Complaint.

23.     Defendants deny that Plaintiff Day provided exculpatory alibi evidence including that she was home all night with her daughter.  Defendants otherwise admit the allegations contained in paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in paragraph 24 of the Complaint.

25.     Defendants admit that on Officer Ward filed an Affidavit and Request for Search Warrant.  Defendants otherwise deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants are without sufficient knowledge or information to form a belief as to whether the camper was located on the residence of Plaintiff Day and, therefore, deny same. Defendants otherwise deny all remaining allegations contained in paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit the allegations contained in paragraph 29 of the Complaint.

30.     Defendants admit that on May 15, 2014, Officer Ward filed the Affidavits, but deny that any other police officer Defendants filed an affidavit.  Defendants otherwise admit the allegations contained in paragraph 30 of the Complaint.

31.     Defendants admit the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     The allegations in paragraph 33 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 33 of the Complaint.

4

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in the last sentence of Paragraph 37 of the Complaint.  Defendants otherwise admit the allegations contained in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in the last sentence of Paragraph 38 of the Complaint. Defendants otherwise admit the allegations contained in this paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.      Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.      Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.      Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.      Defendants admit the allegations contained in paragraph 56 of the Complaint.

57.      Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.      Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.      Defendants admit the allegations contained in paragraph 59 of the Complaint.

60.      Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.      Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.      Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.      Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and, therefore, deny same.

65.      Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.      Defendants admit the allegations contained in paragraph 66 of the Complaint.

67.      Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.      Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.      Defendants deny the allegations contained in paragraph 69 of the Complaint.

70.      Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.      Defendants admit the allegations contained in paragraph 71 of the Complaint.

72.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and, therefore, deny same

73.      Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants admit the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants admit the allegations contained in paragraph 77 of the Complaint.

78.     Defendants admit the allegations contained in paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

### COUNT I. VIOLATION OF 5 M.R.S.A. § 4682 False Arrest/Excessive Force
### (Police Officer Defendants)

87.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 86 above as though fully set forth herein.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants admit the allegations contained in paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

## COUNT II. VIOLATION OF 5 M.R.S.A. § 4682 False Arrest/Excessive Force
### (Municipal Defendants and Defendant Chief Grovo)

97.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 96 above as though fully set forth herein.

98.     Defendants deny that the Buxton Police Department is the employer of Police Officers Defendants.  Defendants otherwise admit the allegations contained in paragraph 98 of the Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Complaint.

## COUNT III. VIOLATION OF 5 M.R.S.A. § 4682 False Arrest/Excessive Force
### (Municipal Defendants)

103.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 102 above as though fully set forth herein.

104.    The allegations in paragraph 104 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

## COUNT IV: VIOLATION OF 42 U.S.C. § 1983 False Arrest/Excessive Force
## (Police Officer Defendants)

108.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 107 above as though fully set forth herein.

109.    Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.    Defendants admit the allegations contained in paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in paragraph 117 of the Complaint.

## COUNT V. VIOLATION OF 42 U.S.C. § 1983 False Arrest/Excessive Force
## (Municipal Defendants and Defendant Chief Grovo)

118.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 117 above as though fully set forth herein.

119.    Defendants deny that the Buxton Police Department is the employer of Police Officers Defendants.  Defendants otherwise admit the allegations contained in paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of the Complaint.

## VI. VIOLATION OF 42 U.S.C. § 1983 False Arrest/Excessive Force
### (Municipal Defendants)

124.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 123 above as though fully set forth herein.

125.    The allegations in paragraph 125 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    Defendants deny the allegations contained in paragraph 128 of the Complaint.

## COUNT VII. VIOLATION OF 42 U.S.C. § 1983 Malicious Prosecution
### (Police Officers Defendants)

129.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 128 above as though fully set forth herein.

130.    Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    Defendants deny the allegations contained in paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in paragraph 133 of the Complaint.

134.    Defendants admit the allegations contained in paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.    Defendants deny the allegations contained in paragraph 138 of the Complaint.

## COUNT VII. VIOLATION OF 42 U.S.C. § 1983 Malicious Prosecution
### (Municipal Defendants and Defendant Chief Grovo)

139.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 138 above as though fully set forth herein.

140.     Defendants deny that the Buxton Police Department is the employer of Police Officers Defendants.  Defendants otherwise admit the allegations contained in paragraph 140 of the Complaint.

141.     Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.     Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.     Defendants deny the allegations contained in paragraph 143 of the Complaint.

144.     Defendants deny the allegations contained in paragraph 144 of the Complaint.

## COUNT IX. VIOLATION OF 42 U.S.C. § 1983 Malicious Prosecution
### (Municipal Defendants)

145.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 144 above as though fully set forth herein.

146.     The allegations in paragraph 146 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 146 of the Complaint

147.     Defendants deny the allegations contained in paragraph 147 of the Complaint.

148.     Defendants deny the allegations contained in paragraph 148 of the Complaint.

149.     Defendants deny the allegations contained in paragraph 149 of the Complaint.

## COUNT X. MALICIOUS PROSECUTION
### (All Defendants)

150.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 149 above as though fully set forth herein.

151.     Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in paragraph 156 of the Complaint.

## COUNT XI. FALSE IMPRISONMENT
### (All Defendants)

157.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 156 above as though fully set forth herein.

158.    Defendants deny the allegations contained in paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in paragraph 163 of the Complaint.

## COUNT XII. ASSAULT AND BATTERY
### (All Defendants)

164.    Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 163 above as though fully set forth herein.

165.    Defendants deny the allegations contained in paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in paragraph 169 of the Complaint.

170.     Defendants deny the allegations contained in paragraph 170 of the Complaint.

171.     Defendants deny the allegations contained in paragraph 171 of the Complaint.

## COUNT XII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

172.     Defendants repeat and reallege their answers to the allegations contained in

paragraphs 1 through 171 above as though fully set forth herein.

173.     Defendants deny the allegations contained in paragraph 173 of the Complaint.

174.     Defendants deny the allegations contained in paragraph 174 of the Complaint.

175.     Defendants deny the allegations contained in paragraph 175 of the Complaint.

176.     Defendants deny the allegations contained in paragraph 176 of the Complaint.

177.     Defendants deny the allegations contained in paragraph 177 of the Complaint.

## COUNT XIV. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

178.     Defendants repeat and reallege their answers to the allegations contained in

paragraphs 1 through 177 above as though fully set forth herein.

179.     Defendants deny the allegations contained in paragraph 179 of the Complaint.

180.     Defendants deny the allegations contained in paragraph 180 of the Complaint.

181.     Defendants deny the allegations contained in paragraph 181 of the Complaint.

## COUNT XV. DEFAMATION
### (All Defendants)

182.     Defendants repeat and reallege their answers to the allegations contained in

paragraphs 1 through 181 above as though fully set forth herein.

183.     Defendants deny the allegations contained in paragraph 183 of the Complaint.

184.     Defendants deny the allegations contained in paragraph 184 of the Complaint.

185.     Defendants deny the allegations contained in paragraph 185 of the Complaint.

## COUNT XVI. VIOLATION OF 42 U.S.C. § 1983 Due Process/Defamation
### (Police Officers Defendants)

186. Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 185 above as though fully set forth herein.

187. Defendants deny the allegations contained in paragraph 187 of the Complaint.

188. Defendants deny the allegations contained in paragraph 188 of the Complaint.

189. Defendants deny the allegations contained in paragraph 189 of the Complaint.

190. Defendants admit the allegations contained in paragraph 190 of the Complaint.

191. Defendants deny the allegations contained in paragraph 191 of the Complaint.

192. Defendants deny the allegations contained in paragraph 192 of the Complaint.

193. Defendants deny the allegations contained in paragraph 193 of the Complaint.

## COUNT XVII. VIOLATION OF 42 U.S.C. § 1983 Due Process/Defamation
### (Municipal Defendant and Defendant Chief Grovo)

194. Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 193 above as though fully set forth herein.

195. Defendants deny that the Buxton Police Department is the employer of Police Officers Defendants.  Defendants otherwise admit the allegations contained in paragraph 195 of the Complaint.

196. Defendants deny the allegations contained in paragraph 196 of the Complaint.

197. Defendants deny the allegations contained in paragraph 197 of the Complaint.

198. Defendants deny the allegations contained in paragraph 198 of the Complaint.

199. Defendants deny the allegations contained in paragraph 199 of the Complaint.

## COUNT XVIII. VIOLATION OF 42 U.S.C. § 1983 Due Process/Defamation
### (Municipal Defendants)

200.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 199 above as though fully set forth herein.

201.     Defendants deny the allegations contained in paragraph 201 of the Complaint.

202.     Defendants deny the allegations contained in paragraph 202 of the Complaint.

203.     Defendants deny the allegations contained in paragraph 203 of the Complaint.

204.     Defendants deny the allegations contained in paragraph 204 of the Complaint.

## COUNT XIX. FALSE LIGHT
### (All Defendants)

205.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 204 above as though fully set forth herein.

206.     Defendants deny the allegations contained in paragraph 206 of the Complaint.

207.     Defendants deny the allegations contained in paragraph 207 of the Complaint.

208.     Defendants deny the allegations contained in paragraph 208 of the Complaint.

209.     Defendants deny the allegations contained in paragraph 209 of the Complaint.

## COUNT XX. VICARIOUS LIABILITY
### (Municipal Defendants)

210.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 209 above as though fully set forth herein.

211.     Defendants admit the allegations contained in paragraph 211 of the Complaint.

212.     Defendants deny the allegations contained in paragraph 212 of the Complaint.

## XXI. PUNITIVE DAMAGES

213.     Defendants repeat and reallege their answers to the allegations contained in paragraphs 1 through 212 above as though fully set forth herein.

214.     Defendants deny the allegations contained in paragraph 214 of the Complaint.

15

215.    Defendants deny the allegations contained in paragraph 215 of the Complaint.

216.    Defendants deny the allegations contained in paragraph 216 of the Complaint.

WHEREFORE, Defendants respectfully request judgment in their favor on all Counts of Plaintiffs' Complaint, plus their costs of suit.

## AFFIRMATIVE DEFENSES

1.    Defendants affirmatively defend by stating that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.    Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the statute of limitations.

3.    Defendants affirmatively defend by stating that their conduct was privileged.

4.    Defendants affirmatively defend by stating that Plaintiffs have failed to mitigate their own damages.

5.    Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

6.    If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

7.    Any action taken by these Defendants was based upon probable cause to arrest.

8.    Defendant Town of Buxton has no liability for damages because any conduct of its employees did not violate clearly established law and therefore any alleged failure to train, manage, discipline, or supervise could not have been a proximate cause of Plaintiffs' damages.

9.      Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort, which tort liability is barred by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

10.      No clearly established rights of Plaintiff were violated by Defendants' actions.

11.      The decision to arrest Plaintiffs and any force used by Defendants in taking Plaintiffs into custody was objectively reasonable in light of the facts and circumstances surrounding the incident.

12.      The amount of force used, if any, by Defendants was only that amount which they also subjectively believed was reasonable and necessary under the circumstances.

13.      Plaintiffs' claim is barred by the doctrine of estoppel and/or preclusion.

14.      Defendants affirmatively defend by stating that Plaintiffs' injuries, if any, were not caused by any municipal policy or custom, or by any conduct of the individual Defendants.

15.      Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

16.      Defendants affirmatively defend by stating that Plaintiffs' Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

17.      Defendants reasonably believed in the truth of any statements allegedly made by them concerning Plaintiffs, and made no statements with knowledge that the statement was false, or with reckless disregard for the truth or falsity of such statement.

18.      The alleged statements complained of constitute opinion and fair comment.

19.      Plaintiffs' character and reputation are such that they could not be damaged by the statements attributed to Defendants.

20.     Any statements made by Defendants referred to in Plaintiffs' Complaint were true and correct and were made without corrupt or malicious motives.

21.     Defendants acted at all times in good faith and without malice.

22.     Defendant Buxton Police Department is not a legal entity with the capacity to sue or be sued and therefore is not a proper party to this action

23.     Defendants affirmatively defend by stating that no supervisory liability can lie in the absence of a violation of Plaintiffs' rights by an officer that is observed by a supervisory officer who had a reasonable opportunity to intervene and stop such violations but failed to do so.

## JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

DATED at Portland, Maine this 20th day of July, 2016.

> */s/ Edward R. Benjamin, Jr.*
> */s/ Kasia S. Park*
> Edward R. Benjamin, Jr.
> Kasia S. Park, Esq.
> Drummond Woodsum
> 84 Marginal Way, Suite 600
> Portland, ME
> (207) 772-1941
> ebenjamin@dwmlaw.com
> kpark@dwmlaw.com
>
> *Attorneys for Defendants Town of Buxton,*
> *Buxton Police Department, Buxton Chief of*
> *Police Michael S. Grovo, Buxton Police*
> *Officer Kevin Collins, and Buxton Police*
> *Officer Jason Joiner*

## CERTIFICATE OF SERVICE

I, Kasia S. Park, hereby certify that on this 20th day of July, 2016, I electronically filed Defendants Town of Buxton, Buxton Police Department, Police Chief Michael S. Grovo, Buxton Police Officer Kevin Collins and Buxton Police Officer Jason Joiner's Answer to Plaintiffs' Complaint and Jury Trial Demand with the Clerk of Court via e-mail at newcases.portland@med.uscourts.gov.  I also certify that I made service of the foregoing, by depositing a true copy of same, on this date, in the U.S. Mail, postage prepaid to:

Karen E. Wolfram
Maine Legal Associates, P.A.
Fairfield & Associates, P.A.
11 Maine Street, Suite 1
Kennebunk, ME 04043
Attorney for Plaintiffs

and

John J. Wall, III
Monaghan Leahy, LLP
95 Exchange St.
P.O. Box 7046
Portland, ME 04112-7046
Attorney for Defendant Buxton Police
Officer Andrew Ward

/s/ Kasia S. Park
Kasia S. Park, Esq.
Drummond Woodsum & MacMahon
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
kpark@dwmlaw.com

*Attorney for Defendants Town of Buxton,
Buxton Police Department, Buxton Chief of
Police Michael S. Grovo, Buxton Police
Officer Kevin Collins, and Buxton Police
Officer Jason Joiner*